**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ZEVALLOS, et al., | No. C 09-5334 CRB |
| Plaintiffs, | **ORDER GRANTING MOTION TO DISMISS** |
| v. | |
| CITIBANK, et al., | |
| Defendants. / | |

Plaintiffs Richard and Sulma Yudi Zevallos brought this suit against Defendants Citibank, Citicorp Credit Services, Inc. (collectively "Citibank"), and Does 1 through 50. Citibank moves for dismissal under FRCP 12(b)(6).

The complaint presents two main issues. The first is whether Citibank, acting as a credit card company, violated procedures for billing dispute resolution and credit reporting that are mandated by federal statutes. The second is whether it is unlawful under California's Unfair Competition Law for Citibank to refuse to reverse an unusual credit charge by an unrelated merchant.

For the following reasons, the motion is GRANTED and the complaint is dismissed with leave to amend.

**Background**

On November 13, 2008, Plaintiff registered with Ritchie Brothers Auctioneers ("RBAA") for an online two-day auction. Compl. ¶ 9. Registration for the auction required

Plaintiff to provide a credit card for authorization of $15,000 in charges. Id. The authorization apparently constituted a "bid deposit." Id. Mr. Zevallos allowed RBAA to obtain authorizations for charges of $5,000 on his Wells Fargo card and $10,000 on his Citibank card. Id. ¶¶ 9, 11.

During the online auction Mr. Zevallos placed a $25,000 bid on a Dump Truck by accidentally clicking in a bid-box. Id. ¶ 10. Zevallos "immediately" contacted RBAA. Id. RBAA's Regional Manager verbally agreed to reverse the authorizations. Id. However, on November 18 Plaintiff was notified by his credit card companies that RBAA had converted the bid deposit authorizations into actual charges. Id. Zevallos emailed RBAA's regional manager but received no response. Id. Zevallos' account was suspended by RBAA. Id.

On December 2, 2008, Zevallos wrote to Citibank and disputed the $10,000 charge. Id. ¶ 12. On December 13, Citibank requested additional information from Zevallos. Id. On January 23, 2009, Citibank, having heard no response from Zevallos, resolved the matter by allowing the $10,000 charge to stand and closed their investigation. Id. ¶ 15. On February 21, Zevallos wrote Citibank providing additional details regarding the dispute. Id. ¶ 16. On April 29, Zevallos wrote Citibank and reiterated his requests that the charge be canceled. Id. ¶ 17. On May 13, Citibank rejected Zevallos' dispute as untimely. Id. ¶ 18.

The $10,000 charge was never reversed by Citibank. Id. ¶ 11.

**Legal Standard**

Under Rule 12(b)(6), a party may move to dismiss a cause of action which fails to state a claim upon which relief can be granted. On a motion to dismiss, all well-pleaded allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. Wyler-Summit Partnership v. Turner Broadcasting System, Inc., 135 F.3d 658, 661 (9th Cir. 1998). To survive a Rule 12(b)(6) motion to dismiss, the complaint must state a claim to relief that is "plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the pleaded factual allegations "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Moreover, "threadbare recitals of the elements of a cause of action, supported

by mere conclusory statements, do not suffice." Id. Despite the requirement that factual allegations in the complaint be taken as true, a legal conclusion "couched as a factual allegation" need not be accepted. Id.

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleadings was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990). In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect "without contradicting any of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990). Leave to amend should be liberally granted. Id. at 296-97.

## Discussion

1. Claim 1 – Violation of 15 U.S.C. § 1666

Section 1666 is part of the Truth in Lending Act of 1968, 15 U.S.C. §§ 1601 et seq. ("TILA"), and it provides specific procedures that must be followed by both creditors and card holders in resolving credit card billing disputes.

Assuming that Citibank's action constitutes a billing error under the statute, the complaint still fails to state a plausible claim for relief. The statute requires that after a creditor receives written notice of the billing error it must, among other things, either (a) make appropriate corrections or (b) send a written explanation after an investigation of why it believes there was no billing error. Id. § 1666(a)(3)(A)–(B).[1] The written notice attached to the complaint and referred to in the allegations however, was ambiguous. Accordingly, Citibank requested additional information on December 13, 2003, including simply asking for further details regarding the dispute. Zevallos failed to respond to this request until more than two months later. By that time, Citibank had closed its investigations and had informed Zevallos of its decision.

---

[1] A slightly different standard applies where the card holder complains that a purchased item has not been delivered, but the complaint does not allege that Plaintiff made such a complaint. On the contrary, he complained that he did not purchase the dump truck, not that the auctioneer failed to deliver it. Indeed, as Plaintiff did not pay the purchase price of the dump truck, he would have no grounds to expect its delivery.

3

On the facts alleged, Citibank complied with its duties under § 1666(a).  First, its December 13 response serves as a written acknowledgment under § 1666(a)(3)(A).  Second, its December 13 letter constitutes part of Citibank's investigation, as required by § 1666(a)(3)(B).  Plaintiff's failure to respond hindered Citibank's investigation, and Citibank thereafter informed him that it did not have evidence of a billing error that would require reversal.  This satisfies the requirement under § 1666(a)(3)(B).  Cf. Official Staff Commentary § 226.12(b)(3)-3, Reg. Z, Supp. 1 ("In conducting its investigation, the card issuer may reasonably request the cardholder's cooperation. . . . [I]f the card issuer otherwise has no knowledge of facts confirming unauthorized use, the lack of information resulting from the cardholder's failure or refusal to comply with a particular request may lead the card issuer reasonably to terminate the investigation.")

Plaintiff's subsequent reiteration of his objection does not change things, as § 1666(a) further provides that once a creditor complies with § 1666(a)(3)(A)-(B), it has no further obligations if the card holder "continues to make substantially the same allegation with respect to such error."

2.      Claim 2 – Violation of 15 U.S.C. § 1666a

The Zevallos next sue under 15 U.S.C. § 1666a(a),[2] which provides that a creditor may not make any adverse credit report to any other party until the creditor has satisfied the requirements for billing dispute resolution in § 1666 and the card holder has been given an opportunity to make payment.  The Zevallos allege that Citibank "reported plaintiffs' Sears Gold MasterCard account standing as delinquent to credit reporting companies without . . . determining that the Dump Truck was actually delivered."  Compl. ¶ 25.  However, Plaintiff never complained to Citibank that the dump truck was not delivered.  On the contrary, he informed Citibank that he did not want the dump truck.  Therefore, they had no obligation to determine whether or not the dump truck was delivered.  Moreover, § 1666a only forbids such report if the creditor has failed to comply with § 1666a and the card holder has been

---

[2] The Complaint appears to misidentify the appropriate section.  The cause of action cites § 1666(a), but the allegations under that heading are clearly directed at § 1666a(a).  Therefore, this Court considers the viability of a § 1666a(a) cause of action.

4

given an opportunity to may the payment.  As noted above, the creditor did comply with § 1666(a), and the complaint makes no allegation with regard to the time given to Plaintiff to settle his debt.

### 3. Claim 3 – Violation of Section 17200 of the California Business and Professions Code

Plaintiff makes a final claim for recovery under California's unfair competition law ("UCL"), which defines "unfair competition" to mean any unlawful or unfair business act or practice.  Cal. Bus. & Prof. Code § 17200.  The Zevallos' contend that since Citibank allegedly violated laws (apparently § 1666 and § 1666a), the Zevallos' are entitled to compensation under the UCL. Compl. ¶ 28.  The complaint relies solely on the "unlawful" prong of § 17200, not on the unfair or fraudulent prongs.

However, as noted above, Plaintiff has failed to allege a violation of either § 1666 or § 1666a.  Therefore, they have not alleged that Defendants' conduct was in any way "unlawful."

## Conclusion

As currently drafted, Plaintiff has failed to allege a viable cause of action.  Therefore, Defendants' motion is GRANTED and their complaint is DISMISSED without prejudice.  Plaintiffs' amended complaint, if any, is due October 1, 2010.

**IT IS SO ORDERED.**

Dated: September 20, 2010

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE